IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02456-RM-KLM

OREO VENTURES, INC., a Colorado corporation, formerly known as Ingalls Engineering Company, Incorporated, a Colorado corporation,

    Plaintiff,

v.

RB DISTRIBUTION, INC., a Pennsylvania corporation,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to File an Amended Complaint** [#28][1] (the "Motion"). Defendant filed a Response [#31] in opposition to the Motion [#28]. Plaintiff did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#28] has been referred to the undersigned for recommendation.[2] *See* [#30]. The Court has reviewed the Motion [#28], the Response [#31], the entire case file, and the applicable law, and is sufficiently advised in the

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue in the Tenth Circuit. *Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2010 WL 1677772, at *2 (D. Colo. Apr. 26, 2010) (citing *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009)). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Sunflower Condo. Ass'n, Inc. v. Owners Ins. Co.*, No. 16-cv-2946-WJM-NYW, 2018 WL 1755784, at *1 (D. Colo. Apr. 12, 2018) (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion [#28], it is assumed that the issue is dispositive and requires a recommendation.

premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#28] be **DENIED**.

## I. Background

On January 31, 2020, Plaintiff filed this lawsuit in the District Court for Boulder County. *Compl.* [#4] at 1, 6. On August 14, 2020, Defendant removed the case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1441 and 1446, asserting the Court's jurisdiction pursuant to 28 U.S.C. § 1332. *See Notice of Removal* [#1]. In short, Plaintiff brings this action against Defendant "for a declaratory judgment, concerning the parties' respective rights and obligations under a letter purchase agreement (the "Agreement") executed in connection with [Defendant's] purchase of certain assets of Plaintiff's business."[3] *Id.* at 1. Plaintiff "disputes the manner in which [Defendant] has calculated earn-out payments under the Agreement and seeks a declaration interpreting the Agreement's language relating to the calculation and payment of earn-out payments." *Id.* at 1-2.

At the October 8, 2020 Scheduling Conference, the Court set the deadline for amendment of pleadings as "45 days from and after Scheduling/Planning Conference." *Sched. Order* [#25] § 9(a). At the same time, Plaintiff noted its intent to seek leave to amend the Complaint [#4] to add a breach of contract claim. *Id.* Defendant also stated its belief that such a claim is barred under the Agreement's contemplated process for

---

[3] In the proposed Amended Complaint [#28-1], Plaintiff states that it has attached a copy of the Agreement to the Amended Complaint as Exhibit A; however, no exhibit has been attached to the Amended Complaint. However, there appears to be no disagreement between the parties that the Agreement attached to the original Complaint [#4] is the document to which Plaintiff refers in the Amended Complaint [#28-1] as well. Regardless, even though Plaintiff failed to attach the Agreement to the Amended Complaint, the Court may still consider it because it is an outside document which is central to Plaintiff's claims and to which Plaintiff refers in its complaint. *See GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

submission of disputes over earn-out payment calculations, which requires involvement of an accounting arbitrator. *Id.*

On November 23, 2020, Plaintiff filed the present Motion [#28] seeking leave to amend the Complaint [#4] to add a claim for breach of contract to obtain damages. *Motion* [#28] at 2-3. Plaintiff asserts that the Motion [#28] should be granted because "[it] does not represent an undue delay, undue prejudice to Defendant, bad faith or dilatory motive," because "[d]iscovery has not commenced in this action, and the breach of contract claim proposed to be added through this motion derives from the same contract and parties as the declaratory action with which this lawsuit was commenced in the original Complaint [#4] filed in State Court." *Id.* at 2.

In its Response [#31], Defendant asserts that "Plaintiff's proposed breach of contract claim is barred under the clear terms of the [Agreement that] . . . states that any disputes relating to the calculation of earn-out payments will be resolved pursuant to an accounting arbitration." *Response* [#31] at 2. Defendant further asserts that "[b]ecause Plaintiff's proposed claim is barred by the contractually agreed process and forum for damages disputes over calculation of earn-out payments, Plaintiff's request for leave to amend its pleading should be denied as futile and unduly prejudicial." *Id.*

## II. Analysis

The first issue the Court addresses is the timeliness of the Motion [#28]. *See Carriker v. City & Cnty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *1 (D. Colo. May 16, 2013). The deadline to amend pleadings was November 23, 2020. *Sched. Order* [#25] § 9(a). Plaintiff's Motion [#28] was filed on November 23, 2020, and is therefore timely. *See Motion* [#28] at 3. Thus, because the Court finds that

Plaintiff's Motion [#28] is timely, the Court turns directly to Rule 15(a)(2).  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings pursuant to Rule 15(a).  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182.

Pursuant to Rule 15(a)(2), the Court considers any arguments raised by Defendant related to whether justice would be served by the amendment.  Here, Defendant argues in part that leave to amend should not be granted because Plaintiff's new claim is futile.  *Response* [#31] ¶ 5.  It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Invs. Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every

reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (quotations omitted).

The only new claim Plaintiff seeks to add is its second claim for relief, i.e., the claim for breach of contract damages against Defendant. *Proposed Am. Compl.* [#28-1] at 4-5. Specifically, Plaintiff asserts (1) that it has "performed all of its obligations under the Agreement and all conditions precedent to the obligation of Defendant to pay the full earn-out amounts due under the Agreement have been satisfied," (2) that "Defendant has breached the Agreement by failing and refusing to pay the full amount of the Plaintiff's earn-out pursuant to the Agreement," and (3) that "Defendant owes Plaintiff damages in the amount of the difference between the earn-out amounts paid to date and the amounts properly payable under the terms and conditions of the Agreement, in an amount to be proven at trial." *Id.*

Defendant asserts that the parties entered into the Agreement when Defendant purchased certain assets from Plaintiff for (1) "an upfront cash payment," and (2) "the potential for Plaintiff to earn additional, contingent consideration in the form of annual earn-out payments." *Response* [#31] at 2; *accord Proposed Am. Compl.* [#28-1] ¶¶ 3-4. Defendant further asserts that "[s]ection 3.2.2 of the [Agreement] states that any disputes relating to the calculation of earn-out payments will be resolved pursuant to an accounting arbitration." *Response* [#31] at 2 (citing *Agreement* [#4] at 9-10). Defendant argues that, because the Agreement is a valid, binding agreement, the arbitration clause in section 3.2.2 of the Agreement is equally valid and binding, and therefore "[l]itigation of this proposed claim before this Court is expressly foreclosed by the [Agreement]'s provision

that such claim is subject to arbitration; as a result, the proposed claim is futile." *Id.* at 11-12.

First, Defendant asserts that the Agreement and all its parts are valid and binding on the parties. *See Response* [#31] ¶ 36. Plaintiff did not file a Reply asserting otherwise and did not address the issue in its Motion [#28]. Thus, in the absence of any argument to the contrary, the Court finds, *solely* for purposes of adjudicating the present Motion [#28], that the Agreement between the parties is valid and binding.

Second, the Court finds that section 3.2.2 of the Agreement is an arbitration provision within the meaning of the Federal Arbitration Act ("FAA") because section 3.2.2 provides that "[i]n the event that [Plaintiff] and [Defendant] fail to agree on any of [Plaintiff]'s proposed adjustments set forth in the Earn-out Objection Notice, . . . [parties] agree that a mutually acceptable independent accounting firm of nationally or regionally recognized standing (the "Accounting Arbitrator") shall . . . make its calculation of the Earn-out Payment in dispute in accordance with the terms of this Agreement." *Agreement* [#4] at 9. *See Salt Lake Tribune Publ'g Co., LLC v. Mgmt. Planning, Inc.*, 390 F.3d 684, 689 (10th Cir. 2004) (holding that an agreement clearly intending to submit some disputes to a third-party whose decision will resolve the dispute calls for arbitration within the scope of the FAA).

Third, the Court finds that the proposed second claim for "damages in the amount of the difference between the earnout amounts paid to date and the amounts properly payable under the terms and conditions of the Agreement," *Am. Compl.* [#28-1] ¶ 21, is within the purview of section 3.2.2 of the Agreement, which states that "[t]he scope of the dispute to be resolved by the Accounting Arbitrator shall be limited to objections of

[Plaintiff] in the Earn-out Objection Notice," *Agreement* [#4] at 9-10.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (stating that "any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration").

Fourth, the Court recognizes that there is a strong federal policy favoring arbitration and enforcing agreements to arbitrate.  *See Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995) (recognizing a strong federal policy favoring arbitration).

Lastly, Defendant asserts that Plaintiff's proposed second claim for relief is futile because it is subject to arbitration.  *Response* [#31] at 39.  Plaintiff did not file a Reply asserting otherwise and did not address the issue in its Motion [#28].  Thus, in the absence of any argument to the contrary, the Court finds that Plaintiff's proposed second claim for relief is futile, because it is barred by the arbitration provision found in section 3.2.2 of the Agreement.  *See Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F. 3d 1288, 1289-92 (10th Cir. 2004) (holding that all asserted claims were subject to arbitration); *see, e.g.*, *Waynesborough Club v. Diedrich Niles Bolton Architects, Inc.*, No. 09-155, 2011 WL 1873094, at *1 (E.D. Pa. May 17, 2011) (holding "because a valid arbitration agreement exists between [Plaintiff] and [Defendant] and encompasses the proposed new claims within its scope, the proposed amendment to the Complaint would be futile."); *Mills v. Marjam Supply Co., Inc.*, No. 08-CV-5726 (DMC), 2009 WL 235593 (D.N.J. Jan. 30, 2009) (denying a motion to amend where "any possible claim Plaintiff could plead would be subject to arbitration rending the Amended Complaint futile").[4]

---

[4] Defendant further asserts that the Motion [#28] is unduly prejudicial "[b]ecause Plaintiff's proposed claim is barred by the contractually agreed process and forum for damages disputes over calculation of earn-out payments."  *Response* [#31] at 2.  For the reasons stated above, futility alone is a sufficient reason to deny the Motion [#28], and therefore the Court need not address the issue of undue prejudice.

## IV. Conclusion

For the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#28] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waves appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 15, 2021

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge